PADOVANO, J.
The defendant appeals his conviction for sale of cocaine. He contends that the trial judge should have granted his motion to strike the jury panel on the ground that the jurors did not represent a fair cross section of the community. We conclude that this issue was not preserved for appellate review, because the motion was not presented in writing before the questioning of individual jurors. Accordingly, we affirm.
Prospective jurors were assembled in the courtroom in Franklin County on April 13, 2011, for two trials scheduled to begin that week. The trial judge administered *1158 the oath to the jurors and asked them questions regarding the legal requirements for service on a jury. When the qualification procedure was completed, the jurors were called at random for each of the two cases, the first being the case against the defendant.
The prosecutor and defense attorney questioned the jurors who had been called to serve in the defendant’s case and ultimately selected a six-person jury and one alternate for the trial. Subsequently, defense counsel voiced the following objection:
Your Honor, I do have to make one procedural objection just is that the panel, and I recognize that a lot of this has to deal with demographics, but the panel lacked any African-Americans this morning. So I just for that purpose would just like to lodge that objection just in case Mr. Cargill at some point in time needs to address that on appeal.
At that point, the trial judge asked defense counsel why he had waited until after the voir dire examination to make the objection. Specifically, the judge inquired, “So I don’t know what you’re asking that — now that we have selected the jury, what are you asking that I do.” Defense counsel responded by stating, “It is something I didn’t do on the front end, but I just wanted to make sure that for record preservation purposes that I noted there were not African-Americans in the panel.” The judge then denied the motion to strike the jury panel.
Following this ruling, the clerk of the court administered the trial oath to the jurors and the trial began. At the close of the trial, the jury found the defendant guilty as charged of the sale of a controlled substance within 1000 feet of a church. The trial judge adjudicated the defendant guilty of the crime and sentenced him to a term of twelve years in the Department of Corrections. The defendant then filed this appeal.
A defendant facing criminal charges in state court has a right under the Sixth Amendment to a trial by jury. See Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). As an essential component of this right, the jury must be selected from a group of people who represent a fair cross section of the community. See Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). The fair-cross-section requirement is implicit in the nature of the right to a trial by jury. As the Court explained in Taylor, the right to a trial by jury presupposes that the prospective jurors will be drawn from a pool that is “broadly representative” of the community, and the purpose of affording the right to a jury trial would not be served if “distinctive groups” of people were excluded from the jury pool. Id. at 698; see Gordon v. State, 704 So.2d 107 (Fla.1997); Michael E. Allen, Florida Criminal Procedure, § 17:10 (2011).
The standard governing a claim that the jury panel does not fairly represent the community is set out in Duren v. Missouri, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). There, the Court held that in order to establish a prima facie violation of the fair-cross-section requirement, the defendant must show (1) that the group alleged to be excluded is a “distinctive” group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process. Id. at 364, 99 S.Ct. 664.
*1159 The defendant contends that the trial court should have granted his motion to strike the jury panel because it did not include any African-American jurors. However, this issue was not raised properly in the trial court and it is therefore not open for consideration on review. The motion to strike should have been directed to the jury venire as a whole, not to the panel of jurors selected to serve in the defendant’s case. It should have been made in writing and it should have been considered in an evidentiary hearing before the trial began.
Rule 8.290 of the Florida Rules of Criminal Procedure provides that a “challenge to the panel shall be in writing,” that it “shall specify the facts constituting the grounds,” and that it must be “made and decided before any individual juror is examined.” By the terms of the rule, a challenge to the panel “shall be tried by the court” before the jury selection begins in a particular case. These provisions give the parties an opportunity to present statistical data pertaining to the representation of distinctive groups within the community, and other evidence pertaining to the method of identifying particular citizens who will be summoned to serve on a jury. If a distinctive group has been systematically excluded in the jury venire, the error can be corrected before the defendant is forced to stand trial before a jury that does not fairly represent the community.
The motion in the present case was not made until after the jurors had been selected to serve in the defendant’s trial. By that time, it was too late to assert a claim that the jury venire did not represent a fair cross-section of the community. If the motion had been made before jury selection, as required by rule 3.290, the trial court would have been required to consider the merits of the defendant’s claim in an evidentiary hearing. The defendant would have had an opportunity to prove that a “distinctive group” of prospective jurors had been “systematically excluded” and therefore underrepresented in the jury pool. Duren, 439 U.S. at 364, 99 S.Ct. 664. The state would have had an opportunity to respond with evidence to the contrary, and the court would have been in a position to offer a remedy.
The guidelines established in Taylor and Duren ensure that juries are drawn from a fair cross-section of society. While these guidelines no doubt improve the odds that a particular jury will be fairly representative of the community, that is not required as a matter of constitutional law. As the court stated in Taylor, “[i]t should also be emphasized that in holding that petit juries must be drawn from a source fairly representative of the community we impose no requirement that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population.” Taylor, 419 U.S. at 538, 95 S.Ct. 692. It is clear from these principles that the defendant’s rights were not violated merely because the jury selected from the venire did not include African-Americans.
For these reasons, we conclude that the trial judge correctly denied the defendant’s motion to strike the jury panel. Finding no other error, we affirm the defendant’s conviction and sentence.
Affirmed.
WETHERELL and SWANSON, JJ„ concur.